Betty BEARDSLEY; Thomas Beardsley, as individuals; Beardsley & Son Inc., a California corporation, Plaintiffs—Appellants,

v.

MUTUAL SERVICE CASUALTY INSURANCE COMPANY, Defendant—Appellee.

No. 02–56728.

D.C. No. CV–01–10607–MMM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 6, 2004.

Decided Oct. 21, 2004.

David E. Wood, Esq., David Wood, Raymond Tamaddon, Wood & Bender, Camarillo, CA, for Plaintiffs–Appellants.

Gary R. Selvin, Esq., Selvin Wraith Halman, LLP., Oakland, CA, for Defendant–Appellee.

Before T.G. NELSON, WARDLAW, and BERZON, Circuit Judges.

MEMORANDUM *

Betty Beardsley ("Ms.Beardsley"), Thomas Beardsley ("Mr.Beardsley"), and Beardsley & Son, Inc. (collectively referred to as "Beardsley") appeal the district court's grant of summary judgment for Mutual Service Casualty Insurance Company ("MSCIC") and consequent dismissal of Beardsley's action against MSCIC for failure to satisfy the duty to defend pursuant to an insurance contract. We review de novo a district court's grant of summary judgment concerning the meaning of an insurance contract. *See HS Servs., Inc. v. Nationwide Mut. Ins. Co.,* 109 F.3d 642, 644 (9th Cir.1997). We reverse and remand.[1] The focus of this ap-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. As the facts are familiar to the parties, we

peal is whether MSCIC has a duty to defend Mr. Beardsley, as an officer of Beardsley & Son, Inc., from a slander lawsuit brought by Ms. Beardsley, his former employee and former wife. MSCIC argues that it does not, because, under each of two insurance contracts between MSCIC and Beardsley & Son, Inc., an employment-related practices exclusion applies to the action and negates coverage.

Pursuant to a principle first articulated by the California Supreme Court nearly 40 years ago in *Gray v. Zurich Insurance Co.*, 65 Cal.2d 263, 54 Cal.Rptr. 104, 419 P.2d 168 (1966), a "liability insurer owes a broad duty to defend its insured against claims that create a potential for indemnity." *Montrose Chem. Corp. v.Super. Ct.*, 6 Cal.4th 287, 24 Cal.Rptr.2d 467, 861 P.2d 1153, 1157 (1993) (*quoting Horace Mann Insurance Co. v. Barbara B.*, 4 Cal.4th 1076, 17 Cal.Rptr.2d 210, 846 P.2d 792, 795 (1993)). The insurer must defend any suit which seeks damages *potentially* within the coverage of the policy. *See Montrose Chem. Corp.*, 24 Cal.Rptr.2d 467, 861 P.2d at 1157. The standard "cannot reasonably be understood to refer to anything beyond a bare 'potential' or 'possibility' of coverage as the trigger of a defense duty." *Id.* at 1160. Thus, "the insured need only show that the underlying claim *may* fall within policy coverage; the insurer must prove it *cannot.*" *Id.* at 1161. In contrast with this low threshold, we strictly construe employment-related practices exclusions to insurance coverage and place on the insurer the burden of proving a suit falls within the exclusion. *See HS Servs. Inc.*, 109 F.3d at 645. Applying these standards, we hold that Beardsley's underlying complaint demonstrates that the slander claim included in the complaint may be covered by the general liability policy[2] and not excluded by that policy's employment-related practices exclusion.

Following California law regarding the application of employment-related practices exclusions, we examine the complaint in the underlying action to determine (1) whether Mr. Beardsley's slanderous actions were made in the context of Ms. Beardsley's employment; and (2) whether the content of the slanderous remarks was directed to Ms. Beardsley's performance during her employment with Beardsley & Son, Inc. *See id.* at 646; *Low v. Golden Eagle Ins. Co.*, 104 Cal.App.4th 306, 128 Cal.Rptr.2d 423, 425–28 (2002) (reviewing four recent decisions using the "context and content" formulation). MSCIC maintains that the statements were clearly employment-related because the slanderous statements were made on company premises and were about stealing company funds that would otherwise be available to pay for a company picnic. As such, argues MSCIC, the remarks were made in the context of Mr. Beardsley's employment relationship with his office manager and concerned her performance as an employee in administering the company's finances.

While a declaratory action regarding whether MSCIC has a duty to indemnify Beardsley could so determine, this case concerns only whether the duty to *defend* is triggered by the *potential* for coverage. *See Montrose Chem. Corp.*, 24 Cal.Rptr.2d 467, 861 P.2d at 1157 (explaining that the duty to defend is much broader than the duty to indemnify). Ms. Beardsley's complaint in her underlying action leaves open

do not recite them here except as necessary to understand our disposition.

2. As we find potential for coverage under the general liability policy, we do not need to

determine whether there was a duty to defend under the narrower exclusion of MSCIC's umbrella liability policy.

the possibility that the allegedly slanderous statements were not uttered in the context only of the employment relationship or involved content that was not solely employment related.

The complaint alleges that Mr. and Ms. Beardsley were, aside from their employment relationship, an estranged husband and wife engaged in a bitter marital dispute that culminated in divorce. The complaint also states that the couple's private financial arrangements were intertwined with those of the company, indicating, in particular, that, based on Mr. Beardsley's previous promises, Ms. Beardsley regarded the company as part of the marital property to which she would be entitled on her retirement. Given the Beardsleys' dual relationship and these intertwined financial circumstances, the couple had reason to be arguing about financial matters concerning the company as an aspect of their marital separation dispute. The complaint does not state what Mr. Beardsley said about stealing, nor does it detail where the statement was made. Thus, nothing in the complaint negates the possibility that the dispute regarding the company's "severe cash flow problems" and accusations of stealing arose in the context of a marital property dispute, or that the contents of the allegedly slanderous statements concerned that dispute, at least in part.

In short, reading the slander allegations in light of the the Beardsleys' dual relationship, there is some potential that the suit alleged in the complaint could have turned out to be covered by the general liability policy. *See Golden Eagle Ins. Corp., v. Rocky Cola Café, Inc.,* 94 Cal. App.4th 120, 114 Cal.Rptr.2d 16, 18, 22 (2001) (relying on a personal sexual relationship to find that defamation was not made in the context of employment). Accordingly, we hold that there is potential for coverage under the general liability policy here. That potential triggered MSCIC's duty to defend.[3]

MSCIC also argues that if Mr. Beardsley's actions were not employment-related within the terms of the exclusion, then they must have exceeded the scope of his coverage as an officer of the company. This argument lacks merit, as the two standards are not congruent. An individual can act within the scope of *his* employment as an officer on matters that do not involve the *plaintiff's* employment status. Because of the couple's dual relationship and the differing standards regarding coverage provisions and exclusions, there would be no anomaly in determining that remarks made by Mr. Beardsley, as a company officer, were nonetheless outside the exclusion.

**REVERSED AND REMANDED.**

---

3. The district court entered summary judgment on Beardsley's additional claims for Breach of the Duty of Good Faith and Fair Dealing, Tortious Breach of Contract, Unfair Competition, and Enforcement of Judgment, on the basis of its determination that MSCIC had no duty to defend. As we reverse that ruling, we also reverse entry of summary judgment on these additional claims.